UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TYSON DOOLEY, individually | § | Docket No. 4:15-cv-02433 |
| and on behalf of all others similarly | § | |
| situated | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| | § | |
| NINE ENERGY SERVICE, LLC | § | COLLECTIVE ACTION |
| | § | PURSUANT TO 29 U.S.C. § 216(b) |
| Defendant. | § | |

PLAINTIFF'S REPLY IN SUPPORT OF CONDITIONAL CERTIFICATION AND
NOTICE TO POTENTIAL CLASS MEMBERS

I.   INTRODUCTION

Plaintiff Tyson Dooley supported his Motion for Conditional Certification and Notice (Motion) with three declarations and Defendant Nine Energy Service, LLC's (Nine) official payroll records, all confirming Nine's wireline field engineers perform similar blue collar job duties, are paid under the same compensation policy, and are uniformly misclassified as exempt. *See* ECF. 16, *passim*. This showing exceeds the lenient standard[1] for conditional certification (particularly since more than half a dozen wireline engineers already joined this collective action). *See* ECF Nos. 5, 14, and 15. Inexplicably, Nine still claims: (1) the Class Members[2] are exempt under the Motor Carrier Act (MCA) and other general exemptions; (2) because Dooley's evidence is similar to evidence submitted

---

[1] The conditional certification "standard is a lenient one typically resulting in conditional certification of a representative class to whom notice is sent and whose members receive an opportunity to opt in." *Wilson v. Atlas Oilfield Const. Co., LLC,* No. SA-14-CV-304-XR, 2014 WL 4546954, at *1 (W.D. Tex. Sept. 12, 2014). To meet this lenient standard, a plaintiff need only show that "[t]here *may be* additional [employees] who perform similar functions and are subject to the same compensation policy." *Mateos v. Select Energy Servs., LLC,* 977 F. Supp. 2d 640, 644 (W.D. Tex. 2013) (emphasis added).

[2] Plaintiff seeks conditional certification of **"All wireline field engineers employed by Nine Energy Service, LLC during the past 3 years who were paid a salary and/or a bonus, but no overtime."** *See* ECF No. 16 at p. 1.

in other cases where conditional certification was *granted* it is somehow insufficient here; and (3) Dooley's state law wage claims (which are not at issue in this motion) make conditional certification improper.

In other words, Nine regurgitates arguments routinely rejected by the courts in this District and Division. For example, Nine's exemption defenses are not properly considered at the conditional certification stage. *See, e.g., Walker v. Honghua America, LLC,* 870 F. Supp. 2d 462, 467 and 470 (S.D. Tex. 2012) (Ellison, J.). Moreover, the fact the three declarants testify to similar (even "identical") working conditions corroborate Dooley's assertion that the Class Members are similarly situated. *Mark v. Gawker Media, LLC*, No. 13-CV-4347 AJN, 2014 WL 4058417, at *7 (S.D.N.Y. Aug. 15, 2014). And the fact that Nine also violated New Mexico state law (and likely the wage laws of other states) in failing to pay overtime has no bearing on whether the Class Members are similarly situated under the FLSA. Dooley's Motion should be granted.

## II.   FACTS

Nine opens its response by misrepresenting the trucks that make up its fleet with the hope that if the Court believes all of its trucks weigh over 10,001 pounds, the Class Members might be exempt under the MCA. Specifically, Nine describes its fleet as consisting of "wireline trucks, cranes, and various makes of one ton and larger vehicles," when the reality is about half of its fleet were ¾ ton or smaller trucks during the three-year statutory period. *Compare* ECF No. 18 at p. 3 *with* Ex. 1, Declaration of Tyson Dooley and Ex. 2, selected pages of Nine's Production in *Cornell*.[3]

Next, Nine falsely claims its wireline field engineers routinely "transport regulated explosives required to perform their jobs." *See* ECF No. 18 at p. 3. Nine knows its wireline field engineers did

---

[3] Although discovery has barely begun in this case (Nine's responses to Dooley's first set of discovery requests are due on January 25, 2016), Nine produced almost 2,000 pages of documents in response to Dooley's lawyers' discovery requests in a similar case. *See Cornell and Alexander v. Nine Energy Service, LLC*, Docket No. 4:15-CV-0620 (S.D. Tex. March 9, 2015) (Ellison, J.).

not, and were not expected to, placard their trucks (or even trailers), much less regularly transport explosives in an amount requiring placarding under the Department of Transportation. *See* Ex. 1, Declaration of Tyson Dooley. More to the point, this merits-based information is not relevant now. Rather, what matters is whether the lenient standard for conditional certification was met (and it was).

## III. DOOLEY MET HIS BURDEN TO SHOW THE CLASS MEMBERS ARE SIMILARLY SITUATED

Curiously, even though Nine is a Defendant in at least 5 oilfield FLSA misclassification cases[4] and already agreed to notice in at least one very similar case,[5] it says Dooley's allegations are not sufficient to warrant conditional certification. However, courts in this District routinely grant conditional certification in oilfield misclassification cases - like this one - where the evidence shows the employees perform similar job functions and are subject to the same illegal pay practice. *See, e.g.,* ECF No. 16 at p. 9-10 (citing over 10 similar oilfield misclassification cases); *see also* Ex. 3, *Jones v. Cretic Energy Services, LLC*, --- F.Supp.3d ---, Civ. Act. No. H-15-00521 (S.D. Tex. Dec. 9, 2015) (Lake, J.) ("Defendant's argument that conditional certification should be denied because plaintiff has presented no allegation or evidence of a centralized policy or custom violating the FLSA is not persuasive because plaintiff contends that defendant's misclassification of all coil tubing crew members as exempt is a centralized policy that is being challenged in this case.").[6] Nine's tired arguments in opposing conditional certification border on frivolous.

---

[4] *See, e.g., Turner v. Nine Energy Service, LLC*, Docket No. 4:15-CV-3670 (S.D. Tex. Dec. 18, 2015); *Morley v. Nine Energy Service, LLC*, Civ. A. No. 4:15-cv-01809 (S.D. Tex. June 25, 2015), *Webber v. Nine Energy Service, LLC and CDK Perforating, LLC*, Case No. 2:15-cv-1807, (E.D. Oh. May 8 2015); *Jason Snively, Stephen Clark, et al. v. Nine Energy Service, LLC*, Civ. A. No. 7:15-cv-00134-HLH (W.D. Tex.), etc.

[5] *See Cornell*, 4:15-CV-0620.
[6] This Court is very familiar with the standards and propriety of conditional certification in FLSA cases. *See, e.g., Songer v. Advanced Building Solids, LLC*, H-14-3154 (S.D. Tex. Nov. 5, 2014) (Rosenthal, J.); *Graham v. Q Directional Drilling*, LLC, 4:15-CV-147 (S.D. Tex. Jan. 16, 2015) (Rosenthal, J.); *Phoenix v. Technology Servs.*, 4:14-CV-01490 (S.D. Tex. Jan. 27, 2015) (Rosenthal, J.); *Peterson v. ProDirectional, Ltd.*, 4:15-CV-0473 (S.D. Tex. Feb. 20, 2015) (Rosenthal, J.); *Garza v. Express Energy Servs., LLC*, 4:15-CV-00617 (S.D. Tex. Mar. 9, 2015) (Rosenthal, J.).

## IV.   NINE'S EXEMPTION DEFENSES ARE NOT PROPERLY CONSIDERED AT THE CONDITIONAL CERTIFICATION STAGE

Unfortunately, clear precedent didn't prevent Nine from arguing that its alleged merits-based exemption defenses make this case ill-suited for conditional certification. *See Honghua America, LLC,* 870 F. Supp. 2d at 467 and 470 (certifying class of employees despite Defendant's alleged independent contractor defense); *Dreyer, et al. v. Baker Hughes Oilfield Operations, Inc.,* Civ. Act. No. H-08-1212, 2008 WL 5204149 at *3 (S.D. Tex. Dec. 11, 2008) (Smith, M.J.) (certifying class of employees despite Defendant's alleged administrative, computer employee, and highly-compensated defenses); *Foraker v. Highpoint Sw.,* No. H-06-1856, 2006 WL 2585047, at *4 n. 16 (S.D. Tex. Sept. 7, 2006) (Atlas, J.) ("Insofar as Highpoint attempts to defeat notice and conditional certification by contending that the Merchandisers are supervisors and thus exempt from overtime pay requirements under the FLSA's executive exemption, *see* 29 U.S.C. § 213(a)(1), the argument is rejected. This argument goes to the merits of whether the employees are exempt from overtime pay and is not a persuasive basis to deny notice of this suit to Merchandisers."). What matters at this lenient conditional certification stage is demonstrating sufficient similarity to warrant notice, and Dooley more than met his burden.

Nine says determining the applicability of the MCA defense requires such an in-depth analysis of "individualized issues" that conditional certification is improper. *See* ECF No. 18 at p. 12. That is not true, and conditional certification was actually **granted** in the cases Nine cites to support this faulty argument. *See id.* For example, Nine cites to *Vanzinni v. Action Meat Distributors*, 995 F. Supp. 2d 703, 723 (S.D. Tex. Jan. 31, 2014) (the only possibly authority for its defective argument), where Judge Ellison partially granted and partially denied Defendant's Motion for Summary Judgment on MCA issues, <u>after granting conditional certification and letting the parties engage in sufficient discovery to rule on the merits</u>. *See* ECF No. 20 in that case (Order granting Plaintiff's Motion for Reconsideration and certifying a class of hourly employees) and ECF No. 31 (Order

4

approving Plaintiff's Notice and Consent documents).[7] Further, discovery is proceeding just fine in the *Cornell v. Nine* case, where Nine also alleges the MCA (and virtually every other) exemption applies. In short, Courts routinely grant conditional certification despite defendant's alleged MCA exemption defenses.[8]

Likewise, courts routinely grant conditional certification despite defendant's alleged highly compensated and other 213(a)(1) exemptions. *See, e.g., McPherson v. LEAM Drilling Systems, LLC*, Civ. Act. No. 4:14-CV-02361 (S.D. Tex. Mar. 30, 2015) (Harmon, J.) (Order granting nationwide certification of all levels of MWDs despite alleged administrative, executive, professional, and highly compensated exemption defenses).

Since Nine's alleged exemption defenses are not properly considered at the conditional certification stage, Dooley's Motion should be granted.

## V.   THE SIMILAR DECLARATIONS SUPPORTIVE OF DOOLEY'S MOTION SHOW THE CLASS MEMBERS ARE SIMILARLY SITUATED

Inexplicably, Nine trumpets the fact that the declarations Dooley submitted to support his Motion are "virtually identical." *See* ECF No. 18 at p. 16. But, as this Court knows, this confirms just how similar the declarants' job duties and method of pay were (and are). *See* ECF No. 16, Exs. 1, 2, 3, and 4; *Wedel v. Vaughn Energy Services, LLC*, 2:15-CV-0093 (S.D. Tex. Oct. 9, 2015) (Ramos, J.) (ECF No. 50 at p. 3-4) (Order adopting Magistrate Judge Libby's Recommendation to Certify Class

---

[7] Nine also cites to *Rojas v. Garda CL Se., Inc.*, 1:13-CV-23173, 2015 WL 5084135 (S.D. Fla. 2015) (Rosenbaum, J.), which is again an Order granting in part Defendant's Motion for Summary Judgment. Judge Rosenbaum conditionally certified this case, specifically stating that "Plaintiffs have met their low burden to show the existence of other similarly situated employees who would join a collective action. After the close of discovery, Garda may move for decertification and ask this Court to conduct stage-two certification analysis if it so chooses." *See* ECF No. 48 in this case.

Nine then cites to *Bishop v. Petro-Chemical Transport, LLC*, No CV F 07-0137-LJO SMS, 582 F. Supp. 2d 1290 (E.D. Cal. July 17, 2008), which is distinguishable because Plaintiff did not meet his burden to show that the Class was similarly situated, after engaging in substantial discovery. *Cf. Petro-Chemical Transport, LLC* with *Mowdy v. Beneto Bulk Transp.*, 2008 WL 901546, at *3 (N.D. Cal. 2008), where the Court conditionally certified a class of truck drivers, despite the alleged MCA exemption defenses, because Plaintiff presented evidence that demonstrated the Class was similarly situated.

[8] *See, e.g., Albanil v. Coast 2 Coast, Inc.*, Civ. Act. No. H-08-486, 2008 WL 493765, at *5 (S.D. Tex. Nov. 17, 2008) (noting that numerous courts "granted conditional certification at the 'notice stage' despite a defendant's assertion of the Motor Carrier Act exemption.").

and rejecting similar defense arguments that Plaintiff's declarations are almost identical); *see also*
*Guzelgurgenli v. Prime Time Specials Inc.*, 883 F. Supp. 2d 340, 352 (E.D.N.Y. 2012) (the fact that
plaintiffs' declarations "include similar statements regarding [employer's] alleged failure to properly
compensate them for overtime hours is not surprising in light of the fact that they are alleging the
existence of a common illegal practice"). Nine's "observation that Plaintiffs' declarations are 'cookie-
cutter' therefore undercuts its position." *Gawker Media, LLC*, 2014 WL 4058417, at *7. The
declarations' consistency supports Dooley's assertion that the Class Members are similarly situated.

Nine then frivolously claims that Dooley's declarations are not supported by personal
knowledge because they are similar to declarations used by Dooley's lawyers in other FLSA cases.
First, each of Dooley's declarations specifically states "the facts contained in this declaration are
within my personal knowledge and are true and correct" and are made "under penalty of perjury"
per "28 U.S.C. § 1746." *See* ECF No. 16, Exs. 1, 2, 3, and 4 at p. 1-3. Second, of course Dooley's
lawyers use similar declarations for similar cases since Dooley's lawyers represent thousands of
oilfield employees in similar wage and hour litigation where, let's not forget, conditional certification
is routinely granted. In fact, Nine's tedious comparison of the declarations used in *Cretic* ignores the
paramount point: Judge Lake granted conditional certification for the same type of employees at
issue here. *See* Ex. 3.

Further, none of the evidence attached to Nine's Response suggests the Class Members' job
duties or salaried pay differ from Dooley's. To the contrary, Nine's evidence confirms the Class
Members are similarly situated in that they: (1) all work out in the oilfield on wireline jobs; (2) all
work as members on wireline crews consisting of three or four employees; (3) all use Nine's vehicles
to carry out their jobs; (4) all get the same kind of training and keep the same kinds of records as
part of their job duties; and (5) are all paid a salary and bonus. *See* ECF No. 18, Ex. 2, Declaration of

Ken Preston. Even setting aside from Dooley's declarations, Nine's own evidence is sufficient to show the Class Members are similarly situated.

## VI.   THE EXISTENCE OF STATE LAW CLAIMS DOES NOT PREVENT CONDITIONAL CERTIFICATION

Nine also violated New Mexico state law (and probably the wage laws of even more states) in failing to pay overtime to its wireline engineers. But the existence of state law claims does not make the Class Members any less similarly situated for purposes of conditional certification under the FLSA. *Myers v. Hertz Corp.*, 624 F.3d 537, 556 (2d. Cir. 2010) (explaining the lenient two-step standard applies to certification of FLSA collective actions even where Rule 23 claims are alleged in the same case); *Misra v. Decision One Mortgage Co., LLC*, 673 F. Supp. 2d 987, 995 (C.D. Cal. 2008) (presence of Rule 23 state law claims does not prevent a court from applying the two-step process and granting conditional certification with respect to the FLSA claims).

As Nine points out, courts in the Fifth Circuit routinely choose to exercise jurisdiction over state law overtime claims in addition to their FLSA overtime claims. This makes sense because, like the FLSA, the New Mexico Minimum Wage Act (NMMWA) requires employers to pay overtime to employees who work more than 40 hours a week. Thus, Dooley will be required to prove he worked more than 40 hours a week to prevail on his NMMWA claims. As such, both claims "arise from the same set of operative facts," making the assertion of supplemental jurisdiction appropriate (as every appellate court to have addressed the issue has found). *See Calderon v. GEICO Gen. Ins. Co.*, ---F.3d---, 2015 WL 9310544, at *17 n. 4 (4th Cir. Dec. 23, 2015) (noting the district court could exercise supplemental jurisdiction over a Rule 23 class of state law claims combined with an FLSA collective action); *Busk v. Integrity Staffing Sols., Inc.*, 713 F.3d 525, 528 (9th Cir. 2013) *rev'd on unrelated grounds,* 135 S. Ct. 513, 190 L. Ed. 2d 410 (2014); *Knepper v. Rite Aid Corp.*, 675 F.3d 249, 259 (3d Cir. 2012); *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 246 (2d Cir. 2011); *Ervin v. OS Rest. Servs., Inc.*, 632 F.3d 971, 980 (7th Cir. 2011); *Lindsay v. Government Employees Ins. Co.,* 448 F.3d 416, 425

(D.C.Cir.2006). The Class Members should not be prejudiced because Nine violated state law in addition to federal law in failing to properly compensate its employees.

## VII. DOOLEY'S NOTICE AND CONSENT FORMS SHOULD BE APPROVED

This Court ordered the Parties to confer on the proper notice forms prior to the conditional certification hearing. But nowhere in Nine's 21 pages of excessive briefing on the standard for conditional certification did it make any specific objection to Dooley's proposed Notice and Consent documents, instead lazily claiming they have "numerous issues." *See* ECF No. 18 at p. 21. So any complaints not timely raised by Nine should be deemed waived. Dooley's Notice and Consent forms are routinely approved in this District and Division, and should be approved for issuance to the Class Members. *See* ECF No. 16, Exs. 8-10 (Dooley's proposed Notice, Consent, Email cover page, and Telephone Script).

## VIII. CONCLUSION

Because Dooley met his lenient burden to demonstrate that the Class Members are similarly situated, his Motion should be granted and his proposed Notice and Consent forms approved.

Respectfully Submitted,

By: */s/ Jessica M. Bresler*
    **Michael A. Josephson**
    Fed. Id 27157
    State Bar No. 24014780
    **Jessica M. Bresler**
    Fed. Id. 2459648
    State Bar No. 24090008
    **Lindsay R. Itkin**
    Fed Id. 1458866
    State Bar No. 24068647
    **Andrew Dunlap**
    Fed Id. 1093163
    State Bar No. 24078444
    **FIBICH, LEEBRON, COPELAND,**
    **BRIGGS & JOSEPHSON**
    1150 Bissonnet St.
    Houston, Texas 77005
    Tel: (713) 751-0025
    Fax: (713) 751-0030

    **AND**

    **Richard J. (Rex) Burch**
    State Bar No. 24001807
    Fed. Id. 21615
    **BRUCKNER BURCH, P.L.L.C.**
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile

**ATTORNEYS IN CHARGE FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I served this document by ECF electronic filing on all known parties on January 19, 2016.

    */s/ Jessica M. Bresler*
    Jessica M. Bresler