# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| TYSON DOOLEY, Individually and On Behalf of All Others Similarly Situated, | CASE NO: 4:15-cv-02433<br>COLLECTIVE ACTION |
| v. | JUDGE LEE H. ROSENTHAL |
| NINE ENERGY SERVICES, LLC. | |

_____

## PLAINTIFFS' MOTION FOR TRADITIONAL AND NO EVIDENCE PARTIAL SUMMARY JUDGMENT AS TO NINE ENERGY SERVICE, LLC'S AFFIRMATIVE DEFENSES

_____

Respectfully submitted,

**BRUCKNER BURCH PLLC**
   Richard J. (Rex) Burch
   Texas Bar No. 24001807
   S.D. Tex. No. 21615
   Matthew S. Parmet
   Texas Bar No. 24069719
   S.D. Tex. No. 1076547
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone:    (713) 877-8788
Telecopier:    (713) 877-8065
rburch@brucknerburch.com
mparmet@brucknerburch.com

**FIBICH, LEEBRON, COPELAND, BRIGGS & JOSEPHSON**
   Michael A. Josephson
   Texas Bar No. 24014780
   S.D. Tex. No. 27157
   Jessica M. Bresler
   Texas Bar No. 24090008
   S.D. Tex. No. 2459648
1150 Bissonnet
Houston, Texas 77005
Telephone:    (713) 751-0025
Telecopier:    (713) 751-0030
mjosephson@fibichlaw.com
jbresler@fibichlaw.com

**ATTORNEYS IN CHARGE FOR PLAINTIFFS**

~ ii ~

TABLE OF CONTENTS

A.     SUMMARY ....................................................................................................................1

B.     STANDARD OF REVIEW ..............................................................................................1

    1.     Summary judgment standard when the non-movant bears the burden of proof.................1

C.     ARGUMENT & AUTHORITIES ......................................................................................1

    1.     Nine has failed to raise a genuine dispute regarding its professional exemption.................1

        1.1.     Exemptions are construed narrowly against the employer................................................1

        1.2.     The professional exemption is a narrow one. ..................................................................2

        1.3.     Because Nine required no advanced academic training, they are not eligible for the
                 professional exemption........................................................................................................2

    2.     Defenses of ratification, estoppel, accord and satisfaction, and waiver cannot be asserted
           in FLSA claims.......................................................................................................................5

        2.1.     Nine has no evidence of ratification. .................................................................................6

        2.2.     Nine has no evidence of estoppel.....................................................................................7

        2.3.     Nine has no evidence of accord and satisfaction or waiver.............................................7

        2.4.     Nine has no evidence of failure to mitigate damages. ......................................................8

    3.     Nine is not entitled to an offset. .........................................................................................9

        3.1.     Nine cannot claim an offset for overtime payment under statutory law. ......................9

        3.2.     Nine cannot claim an offset for overtime obligations already fulfilled. ........................10

D.     CONCLUSION .......................................................................................................... 11

**TABLE OF EXHIBITS**

| Ex. | Document |
|-----|----------|
| A | Deposition of Matt Burk (Nine's Director of Operational Excellence), Apr. 21, 2016[*†] |
| B | Deposition of Melissa Joseph (Nine's former Vice President of Human Resources), Jun. 7, 2016[*†] |
| C | Deposition of Tyson Dooley (Field Engineer), Jun. 16, 2016 |
| D | Nine's Responses to Pl.'s First Set of Requests for Admission, Jan. 25, 2016 |
| E | Position Description for Field Engineer |
| F | Authenticating Decl. of Matthew S. Parmet, Jul. 14, 2016 |
| | |

---

[*] Excerpt of Deposition.

[†] Taken in companion case, *Cornell v. Nine Energy Servs., L.L.C.*, No. 4:15-cv-00620 (S.D. Tex., filed Mar. 9, 2015).

TABLE OF AUTHORITIES

## Cases

*Arasimowicz v. All Panel Sys., LLC*, 948 F.Supp.2d 211 (D. Conn. 2013)......................................3

*Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388 (1960)......................................................................2

*Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464 (5th Cir. 1979)...........................................6

*Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728 (1981) ..........................................5

*Beard v. D.C. Hous. Auth.*, 584 F.Supp.2d 139 (D.D.C. 2008) ....................................................8

*Bodle v. TXL Mortgage Corp.*, 788 F.3d 159 (5th Cir. 2015) .................................................. 7, 8

*Brennan v. Heard*, 491 F.2d 1 (5th Cir. 1974).............................................................................10

*Brennan v. Wilson Bldg., Inc.*, 478 F.2d 1090 (5th Cir. 1973) .....................................................1

*Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945)................................................................6

*Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324 (5th Cir. 1972)................................................7

*Camargo v. Trammell Crow Interest Co.*, 318 F.Supp.2d 443 (E.D. Tex. 2004) ..........................2

*Castillo v. Givens*, 704 F.2d 181 (5th Cir. 1983) .........................................................................6

*Clark v. Centene Co. of Texas, L.P.*, 44 F.Supp.3d 674 (W.D. Tex. 2014) ..................................3

*Days Inn Worldwide, Inc. v. Sonia Invests.*, No. 3:04-cv-2278-D, 2006 WL 3103912 (N.D. Tex. Nov. 2, 2006) ......................................................................................................................8

*Debejian v. Atlantic Testing Labs., Ltd.*, 64 F.Supp.2d, 85 (N.D.N.Y. 1999) ..............................3

*Donovan v. Carls Drug Co., Inc.*, No. 80-CV-401, 1982 WL 2002 (N.D.N.Y. Sept. 8, 1982)........6

*Dybach v. Fla. Dep't of Corrs.*, 942 F.2d 1562 (11th Cir. 1991)..................................................3

*F.D.I.C. v. Niblo*, 821 F.Supp., 441 (N.D. Tex. May 6, 1993)......................................................7

*Fairchild v. All Am. Check Cashing, Inc.*, 815 F.3d 959 (5th Cir. 2016).......................................7

*First Interstate Bank of Ariz., N.A. v. Interfund Corp.*, 924 F.2d 588 (5th Cir. 1991) ................8

*Gagnon v. United Technisource, Inc.*, 607 F.3d 1036 (5th Cir. 2010) ..................................10, 11

*Goldberg v. Cockrell*, 303 F.2d 811 (5th Cir. 1962).....................................................................6

*Gonzalez v. Spears Holdings, Inc.*, No. 09-60501-CIV, 2009 WL 2391233 (S.D. Fla. Jul. 31, 2009) ............5

*Heidtman v. County of El Paso*, 171 F.3d 1038 (5th Cir.1999)....................................................2

*Lee v. Flight-safety Servs., Corp.*, 20 F.3d 428 (11th Cir. 1994) .................................................6

*Lynn's Food Stores, Inc. v. U.S. Dept. of Labor*, 679 F.2d 1350 (11th Cir. 1982).........................6

*Martin v. PepsiAmericas, Inc.*, 628 F.3d 738 (5th Cir. 2010) ....................................................11

*McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988) .............................................................10

*Rudy v. City of Lowell*, 716 F.Supp.2d 130 (D. Mass. 2010)......................................................10

*Rushing v. Kansas City S. Ry. Co.*, 185 F.3d 496 (5th Cir. 1999)................................................1

*Transamerica Ins. Co. v. Avenell*, 66 F.3d 715 (5th Cir. 1995) ...........................................................1

*Vela v. City of Houston*, 276 F.3d 659 (5th Cir. 2001)......................................................................4

*Walton v. United Consumers Club, Inc.,* 786 F.2d 303 (7th Cir. 1986)................................................8

*Young v. Cooper Cameron Corp.*, 586 F.3d 201 (2d Cir. 2009) ...........................................................3

*Yturria v. Kerr-McGee Oil & Gas Onshore, LP*, No. 7:05-cv-181, 2006 WL 3227326 (S.D. Tex. Nov. 6, 2006)..........................................................................................................................................6

## Statutes

29 U.S.C. § 213...................................................................................................................................2

## Other Authorities

69 Fed. Reg. 22150 (Apr. 23, 2004) ...............................................................................................3

U.S. DEPT. OF LABOR, Op. Ltr. FLSA2008-10NA (Jun. 9, 2008)................................................3

## Regulations

29 C.F.R. § 541.300 .................................................................................................................... 2, 3

29 C.F.R. § 778.......................................................................................................................... 9, 10

### A.    SUMMARY

Nine Energy Service, LLC. ("Nine") paid Plaintiffs a hybrid salary and job bonus without any overtime compensation. This payment scheme violates the Fair Labor Standards Act ("FLSA").

In response, Nine asserts several affirmative defenses—including ratification, estoppel, accord and satisfaction, and waiver—that do not apply in an FLSA case as a matter of law. And even if they did, Nine has no evidence to support them. Likewise, Nine has no evidence to support two other affirmative defenses—such as the professional exemption and offset.

Because there is no material dispute of fact, Plaintiffs are entitled to summary judgment on each of these six defenses.

### B.    STANDARD OF REVIEW

#### 1.    Summary judgment standard when the non-movant bears the burden of proof.

In summary judgment practice, for any matter on which the non-movant would bear the burden of proof, the movant may merely point out the absence of evidence and thereby shift the burden of proof to the non-movant to come forward with competent summary judgment evidence creating a material question of fact. *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718-19 (5th Cir. 1995). To avoid summary judgment, the non-movant must respond by setting forth specific facts indicating a genuine issue of material fact. *Rushing v. Kansas City S. Ry. Co.*, 185 F.3d 496, 505 (5th Cir. 1999).

### C.    ARGUMENT & AUTHORITIES

#### 1.    Nine has failed to raise a genuine dispute regarding its professional exemption.

##### 1.1.    Exemptions are construed narrowly against the employer.

It is firmly established that the FLSA has a remedial and humanitarian purpose which was designed to provide a minimum standard of living necessary for the health, efficiency, and general well-being of workers, as well as to prescribe certain minimum standards for working conditions. *Brennan v. Wilson Bldg., Inc.*, 478 F.2d 1090, 1094 (5th Cir. 1973), *cert. denied*, 414 U.S. 855 (1973); *Camargo*

*v. Trammell Crow Interest Co.*, 318 F.Supp.2d 443, 446 (E.D. Tex. 2004). Employers seeking to rely upon an exemption bear the burden of proof to establish application of the exemption. *Heidtman v. County of El Paso*, 171 F.3d 1038, 1042 (5th Cir.1999). Exemptions are to be narrowly construed against employers, and their application is limited to those employees who "plainly and unmistakably" fit within their terms and spirit. *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392 (1960).

Based upon the evidence before the Court, Plaintiffs do not fall "plainly and unmistakably" into the professional exemption. And Nine has no evidence to the contrary.

### 1.2.     The professional exemption is a narrow one.

Individuals employed in a "bona fide professional capacity" are exempt from FLSA coverage. 29 U.S.C. § 213(a)(1).

To qualify for the professional exemption, an employee must be one (1) who is compensated on a salary basis of not less than $455 per week and (2) whose primary duty is the performance of work requiring advanced knowledge in a field of science or learning customarily acquired by a prolonged course of specialized knowledge or instruction. 29 C.F.R. § 541.300.

The "primary duty" element of the professional exemption requires: (1) the employee must perform work requiring advanced knowledge, which includes the consistent exercise of discretion and judgment; (2) the advanced knowledge must come from a field of science or learning; and (c) the advanced knowledge must be customarily acquired by a prolonged course of specialized intellectual instruction. 29 C.F.R. § 541.301(a).

### 1.3.     Because Nine required no advanced academic training, they are not eligible for the professional exemption.

Nine concedes, and evidence confirms, that Nine did not require its Field Engineers to have any advanced academic training that would qualify for the professional exemption. *See* Ex. D, Nine's Resps. to Pl's 1st RFAs at No. 4.

The professional exemption is limited to positions where a standard prerequisite for the job requires specialized academic training. 29 C.F.R. § 541.301(d). But more than that, "If a job does not require **knowledge customarily acquired by an advanced educational degree**—as for example when many employees in the position have no more than a high school diploma—then, regardless of the duties performed, the employee is not an exempt professional under the FLSA." *Young v. Cooper Cameron Corp.*, 586 F.3d 201, 206 (2d Cir. 2009) (emphasis altered from original). So the exemption is not available for occupations that "customarily may be performed with only the general knowledge acquired by an academic degree in any field, with knowledge acquired through an apprenticeship, or with training in the performance of routine mental, manual, mechanical or physical processes." 29 C.F.R. § 541.301(d). The exemption does not apply where most employees acquired skill through experience rather than advanced specialized intellectual instruction. *Id.* Even if some employees have more advanced degrees or certifications, "the Court's focus in analyzing the availability of the learned professional exemption is on **the minimum requirements for the job**." *Clark v. Centene Co. of Texas, L.P.*, 44 F.Supp.3d 674, 680 (W.D. Tex. 2014) (emphasis added); *Arasimowicz v. All Panel Sys., LLC*, 948 F.Supp.2d 211, 221 (D. Conn. 2013) (same); s*ee also Dybach v. Fla. Dep't of Corrs.*, 942 F.2d 1562, 1565 (11th Cir. 1991) ("[T]he determinative factor is the job requirement and not the education in fact acquired by the employee."); *Debejian v. Atlantic Testing Labs., Ltd.*, 64 F.Supp.2d 85, 88-89 (N.D.N.Y. 1999) (concluding the plaintiff was not professionally exempt because the proper focus is the requisites for the position not whether the plaintiff himself had advanced certifications and degrees).

"The best prima facie evidence that an employee meets this requirement is possession of the appropriate academic degree." 29 C.F.R. § 541.301(d). Occupations requiring only a four-year degree in any field, an associate's degree, or completion of a specialized-training short course as a standard prerequisite for entrance into the field do not qualify for the learned professional exemption. 69 Fed. Reg. 22150 (Apr. 23, 2004); U.S. DEPT. OF LABOR, Op. Ltr. FLSA2008-10NA (Jun. 9, 2008) (opining

that service coordinator position did not require advanced knowledge customarily acquired by prolonged specialized instruction when academic prerequisite was an associate's degree); *see also Vela v. City of Houston*, 276 F.3d 659 (5th Cir. 2001) (holding the learned professional exemption was not satisfied where paramedics and emergency medical technicians only had to complete 880 and 200 hours of specialized training, respectively).

Here, Nine has already conceded "Defendant does not require that Plaintiffs and the Class Members have a particular educational degree." Ex. D, Nine's Responses to Pl's RFAs, No. 4. Nine's Director of Operational Excellence, Matt Burk, confirmed this in his deposition:

> 16
> 20      Q.   Did CDK[1] require its engineers at that point
> 21   in time to have an engineering degree?
> 22      A.   No.
> 23      Q.   And is that true, do you know, today?
> 24      A.   I do not believe they require their engineers
> 25   to have degrees today.

Ex. A, *Cornell*, Burk Depo., at 16:20-25. And Nine's descriptions for the Field Engineer positions contains no educational requirement. Ex. E, Position Description for Field Engineer.

It is not merely that Nine did **not require** its Field Engineers have degrees or advanced educational training. These employees **did not have such degrees or training**. Dooley confirmed in his deposition that he had no advanced degree of any kind. Ex. C, Dooley Depo, at 9:25-11:2. And the only training they received was on-the-job. Ex. C, Dooley Depo, at 40:8-11.

That Nine considered Field Engineers to be subject to the FLSA's professional exemption is a fiction created solely for this litigation. In a companion case,[2] Nine's Vice President of Human

---

[1] CDK Perforating LLC is the predecessor to Nine. Doc. 18, at *8 n.2.

[2] That is, *Cornell*, which involved TCP Field Technicians / Hands and Wireline Operators. *See supra*, Table of Contents at n.†.

Relations, Melissa Joseph, confirmed that she never even engaged in any exemption analyses when

categorizing Nine's employees:

> 62
> 18      Q.   Okay.  It refers to the professional
> 19   exemption, correct?
> 20      A.   Yes.
> 24      Q.   An exemption that you're familiar with through
> 25   your training, education and experience, right?

> 63
> 1      A.   Yes.
> 5      Q.   And would it be accurate to say that as part
> 6   of your time at Nine as the vice president of human
> 7   resources, that you never undertook any type of analysis
> 8   of whether any employees were professionally exempt?
> 9      A.   I did not.
> 10      Q.   You never looked at anyone's education,
> 11   training or background for purposes of making that
> 12   determination?
> 13      A.   No.
> 16      Q.   Okay.  You could have, right?
> 17      A.   I could have but I didn't.
> 20      Q.   Okay.  And it wasn't part of anyone else's
> 21   focus, that you're aware of?
> 22      A.   No.

Ex. B, *Cornell*, Joseph Depo, at 62:18-63:22.

So not only does Nine have no evidence demonstrating Plaintiffs meet the professional

exemption, but the evidence confirms these employees are not exempt professionals. The professional

exemption defense should be dismissed with prejudice.

**2.      Defenses of ratification, estoppel, accord and satisfaction, and waiver cannot be asserted in FLSA claims.**

Nine claims the affirmative defenses of ratification, estoppel, accord and satisfaction, and

waiver. Nine's Ans. to Pl's 1st Am. Compl. [Doc. 44], at Ninth and Twenty-Forth Aff. Defs. These

defenses are generally inapplicable to FLSA claims. *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S.

728, 740 (1981) ("FLSA rights cannot be abridged by contract or otherwise waived"); *Gonzalez v. Spears*

*Holdings, Inc.*, No. 09-60501-CIV, 2009 WL 2391233, at *3 (S.D. Fla. Jul. 31, 2009) (striking these

affirmative defenses because "[t]he doctrines of waiver, estoppel, laches, and accord and satisfaction, however, are generally not applicable to FLSA claims"). These defenses are not available because the FLSA aims to keep employers from abusing their superior bargaining power to abridge, waive, or nullify their employees' rights. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706 (1945); *Lee v. Flightsafety Servs., Corp.*, 20 F.3d 428, 432 (11th Cir. 1994); *Lynn's Food Stores, Inc. v. U.S. Dept. of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982).

Nine may argue it was Plaintiffs' responsibility to complain to Nine about not receiving their proper wages. Under the FLSA, such an argument fails because the FLSA requires employers, not employees, to investigate their obligations and comply with the Act. *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 469 (5th Cir. 1979); *Donovan v. Carls Drug Co., Inc.*, No. 80-CV-401, 1982 WL 2002, at *8 (N.D.N.Y. Sept. 8, 1982) ("[T]he duty is upon the employer to comply with these regulations and not merely upon employee demand."). Further, employers who delegate the duty to comply with the FLSA to their employees do so at their own "peril" and remain liable for any resulting violations. *Castillo v. Givens*, 704 F.2d 181, 194 (5th Cir. 1983); *Goldberg v. Cockrell*, 303 F.2d 811, 814 n.1 (5th Cir. 1962).

For this reason alone, summary judgment is appropriate on Nine' affirmative defenses of ratification, estoppel, accord and satisfaction, and waiver.

### 2.1.    Nine has no evidence of ratification.

The elements of ratification are: (1) approval by act, word, or conduct; (2) with full knowledge of the facts of the earlier act; and (3) with the intention of giving validity to the earlier act. *Yturria v. Kerr-McGee Oil & Gas Onshore, LP*, No. 7:05-cv-181, 2006 WL 3227326, at *16 (S.D. Tex. Nov. 6, 2006) (Alvarez, J.). Nine does not have any evidence to establish any element of their ratification affirmative defense. So even if it were applicable in this FLSA case, summary judgment on Nine's ratification affirmative defense would still be appropriate.

### 2.2.    Nine has no evidence of estoppel.

To prove estoppel, a defendant must show: (1) the plaintiff made a definite misrepresentation to the defendant; (2) the plaintiff was aware of the facts; (3) the plaintiff intended the defendant to act on the misrepresentation or had reason to believe the defendant would act on the misrepresentation; (4) the defendant had no knowledge nor reason to know of the facts; and (5) the defendant reasonably relied on the misrepresentation to its detriment. *F.D.I.C. v. Niblo*, 821 F.Supp., 441, 452 (N.D. Tex. May 6, 1993). Some courts have applied "estoppel"-type defenses where an employee deliberately prevented an employer from learning about hours the employee was working by furnishing false information. *See*, *e.g.*, *Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir. 1972); *cf. Fairchild v. All Am. Check Cashing, Inc.*, 815 F.3d 959, 964 (5th Cir. 2016) ("An employee, however, cannot prevail on an FLSA overtime claim if that employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work.").

Nine has no evidence showing Plaintiffs misrepresented the fact they were working overtime; nor was Nine unaware that Plaintiffs were working overtime. Because Nine has no evidence to establish any of the elements of any estoppel defense, summary judgment is appropriate on Nine's estoppel defense.

### 2.3.    Nine has no evidence of accord and satisfaction or waiver.

"The general rule establishes that FLSA claims (for unpaid overtime, in this case) cannot be waived." *Bodle v. TXL Mortgage Corp.*, 788 F.3d 159, 164 (5th Cir. 2015). "Accordingly, many courts have held that, in the absence of supervision by the Department of Labor or scrutiny from a court, a settlement of an FLSA claim is prohibited." *Id.* The only theoretical exception to this rule is where there is a settlement "reached due to a bona fide FLSA dispute over hours worked or compensation owed." *Id.* at 165. But "the absence of any mention or factual development of any claim of unpaid overtime compensation in the … settlement negotiations precludes a finding that the release resulted

from a bona fide dispute." *Id.* Therefore, in addition to the general elements of waiver,[3] Nine would also be required to demonstrate the waiver followed a "bona fide" factual dispute under the FLSA. *Id.*

Nine has no evidence that any Plaintiff signed a release, let alone that the release was approved by the Department of Labor or a court. Nor can Nine demonstrate there was any factual development of the potential overtime claims prior to any agreement (and, again, there is no agreement) waiving these rights being signed. For the same reasons, "an otherwise valid accord and satisfaction cannot be a defense to the FLSA claim." *Beard v. D.C. Hous. Auth.*, 584 F.Supp.2d 139, 142-43 (D.D.C. 2008) ("The FLSA 'is designed to prevent consenting adults from transacting about minimum wages and overtime pay[,]' thus discouraging employers and employees from resolving their disputes themselves by compromising the underlying duties imposed by the statute." (quoting *Walton v. United Consumers Club, Inc.,* 786 F.2d 303, 306 (7th Cir. 1986) (brackets in original))).

Nine has no evidence of waiver, nor accord and satisfaction. Both defenses thus fail as a matter of law, and summary judgment should be entered.

### 2.4. Nine has no evidence of failure to mitigate damages.

As discussed above, failure to mitigate damages is not an applicable defense in FLSA cases. Nine has no evidence that Plaintiffs failed to mitigate damages. And there are no facts that could establish this defense under the FLSA. Accordingly, summary judgment is appropriate on Nine' affirmative defense of failure to mitigate damages.

---

[3] To prove waiver, Nine must prove: "(1) an existing right, benefit, or advantage; (2) knowledge, actual or constructive, of its existence; and (3) actual intent to relinquish the right, which can be inferred from conduct." *Days Inn Worldwide, Inc. v. Sonia Invests.*, No. 3:04-cv-2278-D, 2006 WL 3103912, at *13 (N.D. Tex. Nov. 2, 2006) (quoting *First Interstate Bank of Ariz., N.A. v. Interfund Corp.*, 924 F.2d 588, 595 (5th Cir. 1991)).

**3.      Nine is not entitled to an offset.**

Nine suggests that it is entitled to an offset. Nine's Ans. to Pl's 1st Am. Compl. [Doc. 44], at

Sixteenth and Twenty-Fourth Aff. Defs. However, the requirements for an offset under the FLSA are

extremely narrow. Nine has no evidence of any alleged offset, much less any evidence that such an

offset applies to the compensation earned by Plaintiffs.

**3.1.      Nine cannot claim an offset for overtime payment under statutory law.**

Nine has no evidence that any alleged offset falls under the FLSA's statutory exceptions. For

example, the FLSA provides that "payments made for occasional periods when no work is performed

due to vacation, holiday, illness, failure of the employer to provide sufficient work, or other similar

cause … are not made as compensation for … hours of employment." 29 U.S.C. § 207(e)(2); *see also*

29 C.F.R. § 778.218(a)-(c) (no offset allowed for payments not made for time worked). Section 207(h)

goes on to make clear that the payments "shall **not be creditable** toward … overtime compensation

required under this section." 29 U.S.C. § 207(h)(1). Accordingly, under the express terms of the FLSA,

**an employer's payment of amounts not made for hours worked does not reduce its FLSA**

**liability**.

Even if non-overtime "overpayments" could be offset against unpaid overtime (and they

cannot), the payments at issue would not be available for offset.

First, because Plaintiffs were paid on a day rate, they were entitled to be paid their full day rate

for any days on which they performed any work.  *See* 29 C.F.R. § 778.112. Thus, there could not have

been any "overpayments" on days where they performed any work at all. *Id.*[4]

---

[4] For the same reason, Nine could not obtain an offset even if it could show Plaintiffs were "salaried."
An employee's entire compensation must be included in determining their regular rate of pay. *See* 29
C.F.R. §§ 778.113-115.

Second, even if Nine were now to claim that the payments were made for hours of employment (e.g., as standby pay or on-call time), they cannot be offset against unpaid overtime. The regular rate must include all compensation for hours worked. *See* 29 U.S.C. § 207(e)(1)-(8). For example, payments for standby or on-call time should be included in the regular rate. *See Rudy v. City of Lowell*, 716 F.Supp.2d 130, 133 (D. Mass. 2010); 29 C.F.R. § 778.223. Overtime premiums are calculated based on the complete regular rate. 29 C.F.R. § 778.107. It would be the height of absurdity to include these payments in the regular rate upon which the overtime owed is calculated and then turn around and offset the amount of overtime owed by those same payments. *See Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1043 (5th Cir. 2010) (amounts includible in the regular rate cannot constitute "additional sums that could be characterized as advanced or inappropriate amounts subject to an offset against the overtime owed").

Nine has no evidence that the alleged offsets fall within this or any other statutory provision of the FLSA.

**3.2.     Nine cannot claim an offset for overtime obligations already fulfilled.**

The Fifth Circuit has held that overtime owed under the FLSA is not subject to offset (other than under those circumstances specifically authorized by the statute itself). *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974), *rev'd on other grounds by McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988). The sole exception to the bright-line rule spelled out in *Heard* is the decision in *Singer v. City of Waco, Tex.*, 324 F.3d 813 (5th Cir. 2003). *Singer* allowed an offset where the City of Waco's method of calculating overtime resulted in underpayment of overtime in some pay periods and considerable overpayments of overtime in others. *Id.* at 826. The *Singer* employer was thus allowed an offset for the overpayments of overtime in these specific circumstances—because the payments functioned as pre-payments for overtime that was indisputably owed. *Id.* And so the *Singer* exception is quite limited.

In *Gagnon v. United Technisource, Inc.*, the Fifth Circuit clarified that *Heard's* longstanding prohibition against offsets in FLSA cases is the rule in this circuit and *Singer* the exception. 607 F.3d 1036 (5th Cir. 2010). *Gagnon* distinguished the offset allowed in *Singer* as one that "simply acknowledged that the City had **already paid** the bulk of its overtime obligations." *Id.* at 1040 (emphasis in original). "*Gagnon* clarified that it was the unique character of the set-offs in *Singer*—that they represented **overtime obligations already fulfilled**—that allowed for a narrow exception to the bright-line rule spelled out in *Heard*." *Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 742 (5th Cir. 2010) (emphasis added).

Here, Nine takes the position that it does not owe additional overtime pay to Plaintiffs. Nine's Ans. to Pl's 1st Am. Compl. [Doc. 44], at ¶¶ 15-21. So the payments for which Nine could even allege an offset were not payments that "represented overtime obligations already fulfilled." They are overtime payments Nine claims it does not owe.

Nine has no evidence that any offset payments do fall within *Singer's* limited exception; and under *Heard's* bright-line rule, Nine is not entitled to any offset.

## D.    CONCLUSION

Nine's affirmative defenses of ratification, estoppel, accord and satisfaction, and waiver are inapplicable in this FLSA case as a matter of law. And Nine has no evidence to sustain these affirmative defenses, nor its professional exemption and offset affirmative defenses. The evidence actually contradicts these defenses. In either event, each affirmative defense fails as a matter of law.

The Court should enter summary judgment against Nine and should dismiss these affirmative defenses with prejudice.

Respectfully Submitted,

**BRUCKNER BURCH PLLC**

/s/ *Matthew S. Parmet*

By: _____

      Richard J. (Rex) Burch
      Texas Bar No. 24001807
      S.D. Tex. No. 21615
      Matthew S. Parmet
      Texas Bar No. 24069719
      S.D. Tex. No. 1076547
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone:     (713) 877-8788
Telecopier:     (713) 877-8065
rburch@brucknerburch.com
mparmet@brucknerburch.com


Michael A. Josephson
Texas Bar No. 24014780
S.D. Tex. No. 27157
Jessica M. Bresler
Texas State Bar No. 24090008
S.D. Tex. No. 2459648
**FIBICH, LEEBRON, COPELAND,**
      **BRIGGS & JOSEPHSON**
1150 Bissonnet
Houston, Texas 77005
Telephone:     (713) 751-0025
Telecopier:     (713) 751-0030
mjosephson@fibichlaw.com
jbresler@fibichlaw.com

**ATTORNEYS FOR PLAINTIFFS**


**CERTIFICATE OF SERVICE**

On July 14, 2016, I served a copy of this document on all registered parties and/or their counsel of record, via the Court's CM/ECF system.

/s/ *Matthew S. Parmet*

_____

Matthew S. Parmet