UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **TYSON DOOLEY, individually and on behalf of all others similarly situated**<br><br>       Plaintiff,<br><br>**VERSUS**<br><br>**NINE ENERGY SERVICES, L.L.C.**<br><br>       Defendant. | **CIVIL ACTION NO. 4:15-CV-02433**<br><br>**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |

**DEFENDANT'S MOTION TO DENY OR, IN THE ALTERNATIVE, DEFER RULING ON PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Nine Energy Service, LLC ("Nine," misnamed as "Nine Energy Services, L.L.C." in the Complaint), who respectfully moves this Court for relief pursuant to Federal Rule of Civil Procedure 56(d).[1]

## I. SUMMARY OF THE ARGUMENT

Plaintiffs' Motion for Traditional and No Evidence Partial Summary Judgment as to Nine Energy Service, LLC's Affirmative Defenses ("Plaintiffs' Motion") (Rec. Doc. 51) is premature and, thus, should be denied with respect to the six discovery group Plaintiffs who have not yet given depositions and the remaining opt-in Plaintiffs. This lawsuit was filed as a putative collective action, it has since been conditionally certified, many of the defenses involve issues that are inherently individualized, only one Plaintiff (of 37 total Plaintiffs) has given a deposition to date, and decertification proceedings have not yet occurred. Nine asserted that the relevant affirmative defenses may apply to Plaintiff and to the claims of some or all of the allegedly similarly situated persons in the collective action group.

Nine has not been afforded full opportunity to conduct discovery with respect to certain affirmative defenses challenged in Plaintiffs' Motion for the six discovery group Plaintiffs who have not yet given depositions. Additionally, the issue of decertification has not been addressed, and Nine intends to file a motion for decertification. If this action is decertified, as Nine contends it should be, it will not proceed as a representative action, so the defenses will need to be addressed in each such individual's case after an adequate opportunity for discovery. Thus, Plaintiffs' Motion also is premature with respect to any other opt-in Plaintiffs before such time as the Court rules on any decertification motion.

---

[1] Any reference to a Rule herein is to the Federal Rules of Civil Procedure unless otherwise specified.

{B1118632.2}
2

For the reasons addressed herein, as well as in Nine's Opposition to Plaintiffs' Motion, Plaintiffs' Motion should be denied with respect to the six discovery group Plaintiffs who have not yet given a deposition and the remaining opt-ins or, in the alternative, the Court should defer ruling on Plaintiffs' Motion to allow Nine additional time within the current discovery period to conduct discovery on the affirmative defenses challenged in Plaintiffs' Motion and until after the issue of decertification is addressed.

## II.     NATURE AND STAGE OF PROCEEDING

Plaintiffs are former employees of Nine who assert claims for overtime allegedly under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and under the New Mexico Minimum Wage Act ("NMMWA"). Rec. Doc. 1. Plaintiff claims he and other engineers, including those who have filed consent forms to join this lawsuit (collectively "Plaintiffs"), were entitled to but did not receive overtime pay while working for Nine, and in spite of annualized compensation that in some cases – as in Plaintiff Dooley's – reached *a quarter of a million dollars*. *Id*. Nine, a motor carrier regulated by the U.S. Department of Transportation ("DOT"), denies the claims because Plaintiffs and other engineers – highly-compensated, highly-skilled, DOT-regulated drivers – were at all times exempt from overtime under one or more FLSA exemptions, including the Motor Carrier Act ("MCA") exemption, 29 U.S.C. § 213(b)(1); the highly-compensated employee exemption, 29 U.S.C. § 213(a)(1) and 29 C.F.R. § 541.601(a); and, as part of the highly-compensated exemption and/or individually, the executive, administrative, and/or professional exemptions, 29 U.S.C. § 213(a)(1). Rec. Docs. 44 (Defendant's Answer and Affirmative Defenses to Plaintiff's First Amended Collective Complaint). Further, in 2014 the U.S. Department of Labor, Wage and Hour Division ("DOL"),

conducted an audit of Nine's pay practices regarding its wireline engineers and operators and concluded that they are exempt under the MCA and/or executive exemptions.

Lead Plaintiff, Tyson Dooley, filed this lawsuit on August 24, 2015. Rec. Doc. 1. This case was conditionally certified as a collective action, and court-approved notice to potential plaintiffs was issued. Rec. Docs. 20 and 23. The opt-in period closed April 12, 2016, and as of today, 37 plaintiffs remain in the lawsuit. The parties agreed that, in addition to the named Plaintiff, there will be six discovery Plaintiffs who will give depositions and 12 discovery Plaintiffs who will respond to written discovery. To date, only the named Plaintiff has given a deposition. The discovery deadline is currently August 29, 2016. Rec. Doc. 46. The deadline for filing dispositive motions is September 30, 2016. *Id*. Docket call is November 25, 2016. *Id*.

## III. LAW AND ARGUMENT

### A. Rule 56(d) Exists as a Mechanism for Dealing with the Problem of Premature Summary Judgment Motions Like Plaintiffs' Motion.

Rule 56(d) provides:

> (d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> > (1) defer considering the motion or deny it;
> >
> > (2) allow time to obtain affidavits or declarations or to take discovery; or
> >
> > (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). "Rule 56 was amended in 2010, and the advisory committee notes to the 2010 amendments state that 'Subdivision (d) carries forward without substantial change the provisions of former subdivision (f)." *Bush v. City of Gulfport, Miss.*, 454 Fed. Appx. 270, 282 n. 5 (5th Cir. 2011), citing Fed. R. Civ. P. 56(d) advisory committee's note.

"The purpose of Rule 56[(d)] is to provide nonmovants with a much needed tool to keep open doors of discovery in order to adequately combat a summary judgment motion." *Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992) (finding the district court prematurely terminated discovery, noting it was "wiser" for the district court to defer its summary judgment determination until after the plaintiff had a chance to obtain its requested discovery, reversing summary judgment, and remanding); *see also State Farm Fire & Cas., Co. v. Whirlpool Corp.*, 2011 U.S. Dist. LEXIS 90424, at *4-5 (N.D. Tex. Aug. 15, 2011) ("[Rule 56(d)] is an essential ingredient of the federal summary judgment scheme and provides a mechanism for dealing with the problem of premature summary judgment motions.") (citations omitted). Rule 56(d) allows for further discovery to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose. *Dreyer v. Yelverton*, 291 Fed. App'x 571, 577 (5th Cir. 2008); *State Farm. Fire & Cas., Co.*, 2011 U.S. Dist. LEXIS 90424 at *5 ("Rule 56(d) functions as a safe harbor that has been built into the rules so that summary judgment is not granted prematurely.") (citation omitted). "It is usually invoked when a party claims that it has had insufficient time for discovery or that the relevant facts are in the exclusive control of the opposing party." *State Farm. Fire & Cas., Co.*, 2011 U.S. Dist. LEXIS 90424 at *5 (citation omitted).

**Rule 56(d) motions are <u>broadly favored</u> and should be <u>liberally granted</u>.** *Id.*; *Beattie v. Madison County Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001); *see also State Farm. Fire & Cas., Co.*, 2011 U.S. Dist. LEXIS 90424 at *6 ("Given the precautionary nature of the rule, these requests ordinarily are treated and reviewed liberally. Technical, rigid scrutiny of a Rule [56(d)] motion is inappropriate."). To obtain a Rule 56(d)(2) continuance in order to conduct further discovery prior to a ruling on a motion for summary judgment, the nonmovant "must show: (1)

why he needs additional discovery and (2) how that discovery will create a genuine issue of material fact." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 162 (5th Cir. 2006); *see also Beattie*, 254 F.3d at 606. Nine can easily meet this burden.

> **B.     Plaintiffs' Motion Is Premature Because Nine Has Not Had a Full Opportunity to Conduct Discovery, and Nine May Uncover Facts to Support the Affirmative Defenses At Issue in Plaintiffs' Motion.**

In the Motion, Plaintiffs challenge some of Nine's affirmative defenses, namely: (1) the professional exemption under the FLSA (Fourth and Fifth Affirmative Defenses); (2) the defense that some or all of the allegations, issues, and/or claims in Plaintiffs' Complaint are barred by the doctrines of waiver, accord and satisfaction, estoppel, and/or ratification (Ninth and Twenty-Fourth Affirmative Defenses); and (3) that any claim for additional compensation by Plaintiff must be reduced or offset by overtime compensation already paid to Plaintiff for periods not compensable under the FLSA (Twenty-Fourth and Twenty-Seventh Affirmative Defenses). Rec. Doc. 44. Nine asserted that these defenses may apply not only to Plaintiffs but also to the claims of some or all of the allegedly similarly situated persons in the collective action group. *Id.*

However, Nine has not been afforded full opportunity to conduct discovery with respect to the affirmative defenses challenged in Plaintiffs' Motion, as demonstrated by the declaration of Jennifer L. Anderson. Declaration of Jennifer L. Anderson, Exhibit A, ¶ 3. Only the named Plaintiff, Dooley, has given a deposition to date. Exhibit A, ¶ 6. While the parties have scheduled or are finalizing the scheduling of the six additional discovery Plaintiffs who will give depositions, none of those depositions have taken place yet. Exhibit A, ¶ 8. The discovery conducted to date is inadequate for Nine to thoroughly address the issues raised by Plaintiffs – dismissal of affirmative defenses that are inherently individualized with respect to discovery group Plaintiffs who have not given depositions and for the remaining opt-in Plaintiffs.

The requested depositions are necessary because Nine anticipates it may uncover facts that support the challenged affirmative defenses in those depositions.[2] Exhibit A, ¶ 3. Discovery is needed in the form of depositions from the six discovery group Plaintiffs regarding the facts underlying the affirmative defenses, including, among other things, whether they performed work requiring advanced knowledge that is customarily acquired by a prolonged course of specialized intellectual instruction, whether they have made any representations concerning their job duties to subsequent employers and what such representations were, whether they have filed for bankruptcy since learning about or asserting their FLSA claims, and whether they made any misrepresentation or otherwise inaccurately reported their hours worked on their drivers logs prepared while working for Nine. Exhibit A, ¶ 7. The discovery period in this lawsuit ends on August 29, 2016. Rec. Doc. 46. And, if this conditionally certified collective action is decertified, as Nine contends it should be, this action will not proceed as a representative action, so the defenses will need to be addressed in each such individual's case after an adequate opportunity for discovery.

### C. Nine Has Offered Specific Facts to Be Uncovered During Discovery.

Considering the above, as well as the assertions in Nine's accompanying Opposition, Nine has offered <u>specific facts</u> that may be uncovered in the remaining depositions that it has not had full opportunity to conduct. Thus, Nine has met its burden under Rule 56(d) because it has not merely alleged that discovery is incomplete or that discovery will produce needed but unspecified facts. *State Farm. Fire & Cas., Co.*, 2011 U.S. Dist. LEXIS 90424 at *7 (citation omitted); *see also Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 920 (5th Cir.

---

[2] Nine has addressed these facts in more detail in the accompanying Opposition to Plaintiffs' Motion and, rather than file duplicative briefing with the Court, hereby incorporates by reference the arguments made and authorities cited therein.

{B1118632.2}

1992) ("It is clear that the non-moving party may not rely merely on vague assertions that discovery will produce some unrelated, unspecified facts.") (citation omitted).

Instead, Nine has outlined specific facts that may be obtained from the remaining depositions, and those facts directly bear on the summary judgment motion at issue. The Fifth Circuit has explained that "when a party is seeking discovery that is germane to the pending summary judgment motion it is inequitable to pull out the rug from under them by denying such discovery." *Wichita Falls Office Assocs.*, 978 F.2d at 920. Thus, Nine should be afforded opportunity to obtain its requested discovery.

### D. Nine Has Diligently Pursued Discovery to Date and Is Diligently Scheduling the Remaining Plaintiffs' Depositions.

Nine has thus far deposed only the named Plaintiff, Dooley. Exhibit A, ¶ 6. Nine has been diligent in its efforts to complete discovery from the discovery group Plaintiffs. The opt-in period closed on April 12, 2016, and the discovery deadline is August 29, 2016. Additionally, there is a relatively small group of opt-in Plaintiffs in this action, and Nine intended to depose all of them. However, Plaintiffs refused to allow Nine to conduct discovery with respect to all Plaintiffs, and after discussion about the number of and method of selection for Plaintiffs' depositions, the parties selected six discovery group Plaintiffs who will give depositions this month.

Nine does not assert for the purpose of this motion that any party or counsel has necessarily prevented or delayed discovery, but simply that Nine has not been afforded full opportunity to conduct discovery based on the status of the case and the fact that decertification has not yet been addressed, the depositions remaining to be taken, and the individualized issues raised in this case. Exhibit A, ¶ 9. For these reasons, Nine is entitled to an adequate opportunity

to conduct discovery, including the depositions of the six remaining discovery group Plaintiffs, before a ruling on the merits of Nine's affirmative defenses.

## IV.    CONCLUSION

Nine requests that Plaintiffs' Motion be denied pursuant to Federal Rule of Civil Procedure 56(d) with respect to the six discovery group Plaintiffs who have not yet given a deposition and the remaining opt-in Plaintiffs or, in the alternative, that the Court defer ruling on Plaintiffs' Motion to allow Nine additional time within the current discovery period to conduct discovery on the affirmative defenses challenged in Plaintiffs' Motion.

Respectfully submitted,

*s/ Jennifer L. Anderson*
Jennifer L. Anderson
(TX Bar No. 24047796; Federal ID 34754)
Stephanie M. Gilliam
(TX Bar No. 24083071; Federal ID 1829598)
Jones Walker LLP
Four United Plaza
8555 United Plaza Boulevard
Baton Rouge, Louisiana  70809
Telephone: (225) 248-2040
Facsimile: (225) 248-3040
E-Mail: janderson@joneswalker.com
E-Mail: sgilliam@joneswalker.com

and

Christopher S. Mann
(TX Bar No. 24061563; Federal ID 605320)
Jason A. Culotta
(Federal ID No. 2859054)
Jones Walker LLP
201 St. Charles Avenue
New Orleans, Louisiana  70170-5100
Telephone: (504) 582-8332
Facsimile:  (504) 589-8332
E-Mail: cmann@joneswalker.com
E-Mail: jculotta@joneswalker.com

***Attorneys for Defendant, Nine Energy Service, LLC***

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 4, 2016, a copy of the foregoing was filed electronically using the Court's CM/ECF system and served in accordance with the Federal Rules of Civil Procedure. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.

*s/ Jennifer L. Anderson*
Jennifer L. Anderson
