UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **TYSON DOOLEY, individually and on behalf of all others similarly situated**<br><br>    Plaintiff,<br><br>**VERSUS**<br><br>**NINE ENERGY SERVICES, L.L.C.**<br><br>    Defendant. | **CIVIL ACTION NO. 4:15-CV-02433**<br><br>**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |

### RULE 56(d) DECLARATION OF JENNIFER L. ANDERSON

1. My name is Jennifer L. Anderson. I am a partner at Jones Walker LLP. Jones Walker is counsel of record for Nine Energy Service, LLC ("Nine"), Defendant in the above-captioned matter.

2. As counsel for Nine, I am familiar with the events discussed herein and make this declaration pursuant to Federal Rule of Civil Procedure 56(d).

3. Plaintiffs' Motion for Traditional and No Evidence Partial Summary Judgment as to Nine Energy Service, LLC's Affirmative Defenses ("Plaintiffs' Motion") is premature because Nine has not been afforded the full opportunity to conduct appropriate discovery with respect to the issues raised therein, namely with respect to certain affirmative defenses challenged in Plaintiffs' Motion as explained in Nine's Opposition thereto.

4. The discovery period in this lawsuit ends on August 29, 2016. Rec. Doc. 46.

5. Plaintiffs filed their motion on July 14, 2016. Rec. Doc. 51.

6. Only the named Plaintiff, Tyson Dooley, has given a deposition to date. This deposition took place on June 16, 2016, in Fort Worth, Texas.

{B1118633.1}

7. With respect to the issues raised in Plaintiffs' Motion, discovery is needed in the form of depositions from the remaining representative discovery group Plaintiffs regarding the facts underlying the affirmative defenses, including, among other things, whether they performed work requiring advanced knowledge that is customarily acquired by a prolonged course of specialized intellectual instruction, whether they have made any representations concerning their job duties to subsequent employers and what such representations were, whether they have filed for bankruptcy since learning about or asserting their FLSA claims, and whether they made any misrepresentation on or otherwise inaccurately reported their hours worked on their drivers logs prepared while working for Nine.

8. While the parties have scheduled or are finalizing the scheduling of the six additional discovery Plaintiffs who will give depositions, none of those depositions have taken place yet.

9. Nine does not assert for the purpose of this motion that any party or counsel has necessarily prevented or delayed discovery, but simply that sufficient opportunity has not been afforded to Nine based on, among other things, the status of the case and fact that decertification has not yet been addressed, the depositions remaining to be taken, and the individualized issues raised in this case.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 4th day of August, 2016.

/s/ *Jennifer L. Anderson*
JENNIFER ANDERSON

{B1118633.1}